DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Richard Morris, appeals the decision of the Summit County Domestic Relations Court awarding $3,400 per month in spousal support to his ex-wife, Appellee, Paula Morris. Specifically, Appellant contends that the award was in error as there is no definite date for termination, and that the amount of the award was unreasonable.
 {¶ 2} Appellee has cross-appealed, raising four assignments of error for our review. Specifically, Appellee asserts that the trial court erred (1) when it awarded spousal support effective on a date nine months after the last date of the marriage, (2) when it stated that retirement at age 62 could be a change in circumstances, (3) by failing to award her separate pre-marital interest in property, and (4) by finding that a transfer of property to Appellant by his parents was a gift.
 {¶ 3} Despite the cross-appeal, to facilitate ease of discussion, Appellant will be referred to as "Appellant" for the duration of this opinion, as will Appellee.
 ASSIGNMENT OF ERROR
"The trial court erred in ordering spousal support which is not terminable at a date certain and which is not appropriate and reasonable under the circumstances."
 {¶ 4} In his only assignment of error Appellant argues that the spousal support should be terminable at a certain date, and that the trial court erred in awarding an unreasonable spousal support payment of $3,400 per month to Appellee.
 {¶ 5} As to Appellant's argument that the trial court erred in failing to make the spousal support terminable at a certain date, we disagree. Appellant pointed to paragraph 1 of the syllabus of Kunkle v. Kunkle, 51 Ohio St.3d 64, in support of his argument that the spousal support should be terminable, which provides as follows:
"Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
 {¶ 6} In the case at hand, the parties were married for over twenty-two years. Appellee has not worked outside of the home since 1991, and does not exhibit any ability to earn an income at this time. Appellee is 56 years old, suffers from poor mental health, and has solely been a homemaker since 1991, thus, Appellee has not met any of the above requirements for placing a limit upon the spousal support. For the above reasons, the trial court did not err in declining to set a definite date whereby the obligation to pay spousal support would end.
 {¶ 7} The trial court stated that the spousal support award will be "terminable upon the death of either party or the remarriage of [Appellee]." As the trial court specified certain events that would make the spousal support payment terminable, we disagree with Appellant's argument that the payments would be indefinite. A "sustenance alimony for a fixed period of time and for a definite amount is not rendered indefinite even though the award is made subject to the payee's death, remarriage or cohabitation." Kunkle, 51 Ohio St.3d at 72, citing Ressler v.Ressler (1985), 17 Ohio St.3d 17. Consequently, we overrule Appellant's argument that the trial court erred in failing to impose a definite termination date for the spousal support. Furthermore, the court has retained its jurisdiction to review and modify the spousal support award upon a change of circumstances.
 {¶ 8} Appellant further argues that the trial court erred in awarding a monthly support payment in the amount of $3,400 per month to Appellee. We agree that "[a]n award of sustenance alimony must not exceed an amount which is reasonable." Kunkle,
51 Ohio St.3d at paragraph 3 of the syllabus.
 {¶ 9} Appellant earns a total of $91,000 a year. Appellant introduced an affidavit of his monthly living expenses, which stated that his monthly expenses totaled $3337.00 per month. Appellant's expenses were not objected to. In her pro se answer and counterclaim, Appellee requested $2,300 per month in spousal support. During the pendency of the divorce proceedings, Appellee's brother was named as trustee for her as to her assets, and he introduced a monthly living expense sheet stating that her monthly expenses totaled $3,364 per month. The trial court awarded Appellee a total of $3,400 per month in spousal support, which Appellant now objects to.
 {¶ 10} Pursuant to the affidavits of living expenses introduced on behalf of both parties, both Appellant and Appellee have similar monthly living expenses. Appellant was ordered to make twelve payments of $3,400 per year, which totals $40,800 each year. Appellant, as the payor spouse, is entitled to a deduction based on the amount of spousal support that he has paid. Thus, Appellant's taxable income is $50,200. He is subject to Federal Income Tax in the amount of 25%,[1] state taxes in the amount of 5.2%, and city taxes of about 2%, thus, after taxes Appellant takes home about 2/3 of his income, which translates to about $2,788 per month after taxes and spousal support payments.
 {¶ 11} Appellee, as the payee spouse, has to pay taxes on the spousal support she receives. She also is in a 25% federal income tax bracket, and we will assume that the state and city taxes she is subject to are similar to those that Appellant pays. Thus, after taxes, Appellee has a monthly income of $2,267, which is approximately what she had originally requested.
 {¶ 12} Trial courts have broad discretion with regards to support awards. Schaaf v. Schaaf (Dec. 24, 1997), 9th Dist. No. 2652-M, at 9. See, also, Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. An appellate court may not overturn a spousal support award unless the award is "unreasonable, arbitrary, or unconscionable." Cope v. Cope, 9th Dist. No. 20768, 2002-Ohio-3860, at ¶ 20, citing Kahn v. Kahn (1987),42 Ohio App.3d 61, 66. The party challenging the award has the burden of showing unreasonableness, arbitrariness, or unconscionability.Cope at ¶ 20, citing Shuler v. Shuler (Oct. 27, 1999), 9th Dist. No. 98CA007093, at 4-5. In the instant case, Appellant has not shown how the trial court's award was unreasonable, arbitrary or unconscionable.
 {¶ 13} Upon review of the trial court's award, we find that it was reasonable under the circumstances and we affirm the spousal support award as stated. Consequently, Appellant's assignment of error is overruled.
 CROSS ASSIGNMENT OF ERROR I
"The trial court abused its discretion and erred to the prejudice of the Cross-Appellant/Appellee when it awarded spousal support effective on a date after the entry of the decree of divorce, which was nine months after the date determined to be the last date of the marriage."
 {¶ 14} In her first cross-assignment of error, Appellee argues that the trial court erred by awarding spousal support payments to begin nine months after the parties' late date of marriage.
 {¶ 15} A divorce hearing was held at the Domestic Relations Court of Summit County on September 21, 2004. The trial court determined that the dates that the parties were married were between October 16, 1981, and the date of the divorce hearing, September 21, 2004. The trial court issued a divorce decree on June 9, 2005, and specified that the spousal support payments awarded pursuant to that decree would become effective on July 1, 2005. Appellant now argues that the trial court should have made the payments retroactive from the last date of the marriage. We disagree.
 {¶ 16} Prior to the entry of the final divorce decree, Appellant was ordered to pay temporary spousal support in the amount of $750 per month in addition to paying the mortgage on the marital house, the taxes, insurance, all utilities, auto insurance for Appellee's car, health care insurance for Appellee, and all repairs or maintenance to the marital residence. Appellant testified that in addition to making each and every one of the required payments, he paid Appellee amounts in excess of the ordered payment of $750 per month, and in fact, for the five months prior to the hearing, Appellant had been paying Appellee approximately $1,200 per month. Appellee did not request a change in the temporary support order and Appellant continued to pay the support payments as ordered by the court until the divorce degree specified alternative payments, effective the first of the month.
 {¶ 17} As we mentioned above, we will not overturn a spousal support award unless the award is "unreasonable, arbitrary, or unconscionable," and the burden of proving that the award as such is born by the party challenging it. Cope, 2002-Ohio-3860, at ¶ 20. Appellee has not cited to any case law or legal authority supporting her assertion that the trial court erred by not making the spousal support payments retroactive from the final date of marriage, nor can we find any authority mandating retroactive support payments. Accordingly, we cannot say that the trial court abused its discretion in declining to make the spousal support payments retroactive. Appellee's first cross-assignment of error is overruled.
 CROSS ASSIGNMENT OF ERROR II
"The trial court abused its discretion and erred to the prejudice of the Cross-Appellant/Appellee when it ordered that the voluntary retirement of Cross-Appellee/Appellant at age 62 was a `change of circumstances' sufficient to modify spousal support."
 {¶ 18} In her second cross-assignment of error, Appellee argues that the trial court erred then it ruled that Appellant's voluntary retirement at age 62 would be a change of circumstances sufficient to modify spousal support. We disagree.
 {¶ 19} Our review of spousal support awards is under an abuse of discretion standard. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore,5 Ohio St.3d at 219.
 {¶ 20} The trial court stated that the spousal award "shall be modifiable upon a showing of a change in circumstances by either party including [Appellant's] voluntary retirement at age 62 or older." (Emphasis added) Contrary to Appellee's argument, the trial court has not stated that Appellant must retire at age 62, or that the payments will automatically stop or even decrease when he retires. By the above language, the court has retained its jurisdiction to review and modify the spousal support award upon a change of circumstances.
 {¶ 21} We have upheld a number of divorce decrees which specify that they may be modified upon either party's retirement. In fact, we, along with a majority of the Appellate courts in Ohio have held that "a trial court abuses its discretion if it orders spousal support for definite periods of relatively long duration without a reservation of authority to modify the amount of support due to a change of circumstances." Orwick v. Orwick,
7th Dist. No. 04JE14, 2005-Ohio-5055, at ¶ 64, citing Berthelotv. Berthelot, 154 Ohio App.3d 101, 2003-Ohio-4519, at ¶ 55;Arthur v. Arthur (1998), 130 Ohio App.3d 398, 410; Nori v.Nori (1989), 58 Ohio App.3d 69, 73; Babcock v. Babcock, 8th Dist. No. 82805, 2004-Ohio-2859, at ¶ 43; Straube v. Straube
(Aug. 10, 2001), 11th Dist. No. 2000-L-074; Smith v. Smith
(Jan. 12, 2001), 6th Dist. No. H-99-029; Henninger v. Henninger
(May 4, 1993), 2nd Dist. No. 1303. Consequently, we overrule Appellee's second cross-assignment of error.
 CROSS ASSIGNMENT OF ERROR III
"The trial court abused its discretion and erred to the prejudice of the Cross-Appellant/Appellee when it failed to award her separate pre-marital property in her home because the court found that it was not traceable."
 {¶ 22} In her third cross-assignment of error, Appellee maintains that the trial court erred in failing to award her separate pre-marital property in her home. We disagree.
 {¶ 23} We begin our discussion by noting the appropriate standard of review for an appellate court when reviewing the division of property in a divorce action. Before the trial court reaches the stage of distributing property in a divorce action, it must first determine what constitutes marital and separate property. R.C. 3105.171(B). The characterization of property as either marital or separate is a factual inquiry, and we review such characterization under a manifest weight of the evidence standard. Boreman v. Boreman, 9th Dist. No, 01CA0034, 2002-Ohio-2320, at ¶ 7-8. We must affirm the trial court's factual conclusions unless they are not supported by competent, credible evidence. Id. at ¶ 7, citing Spinetti v. Spinetti
(Mar. 14, 2001), 9th Dist. No. 20113, at 7.
 {¶ 24} "Separate property" includes real or personal property, including money, which was acquired by one spouse prior to the marriage. R.C. 3105.171(A)(6)(a). Separate property remains individual property unless it is so commingled during marriage so as to render its identity untraceable. R.C.3105.171(A)(6)(b). The spouse seeking to have a particular asset characterized as separate property bears the burden of tracing its existence within the otherwise commingled property. Peck v.Peck (1994), 96 Ohio App.3d 731, 734. Once traced, the separate property is to be distributed to its individual owner. R.C.3105.171(D).
 {¶ 25} In the case at hand, Appellee asserts that she is entitled to money from the sale of a house she had owned prior to the marriage. It is uncontested that Appellee owned a house with an equity of approximately $35,000 prior to the marriage. The mortgage balance was between $30,000 and $35,000 when the parties were married, and was paid down to about $25,000 during the marriage.
 {¶ 26} At one point, the mortgage holder initiated foreclosure proceedings, and the parties had to refinance the property and take out a home equity line of credit. As the trial court stated: "it is unknown what marital monies the parties had to expend to rectify that proceeding including payment of attorney fees. The parties thereafter refinanced the mortgage and took new money. The[y] also added a home equity loan." Each of the above transactions served to commingle Appellee's separate property with the marital property. Further, "[n]o documents were provided to the Court to help the Court untangle this series of financial transactions." The property was then sold and the proceeds were used to purchase a new marital residence. The mortgage on the marital residence was reduced with marital money. The amount of the reduction of the mortgage on the marital residence that is directly attributable to Appellee's separate property is unknown. No testimony or documents were introduced showing that Appellee's separate property could be traced, and if it could be traced, in what amount.
 {¶ 27} We agree with the trial court, and find that Appellee did not satisfy her burden of proving, by a preponderance of the evidence, that her separate property was traceable. See Peck,96 Ohio App.3d 734. Accordingly, Appellee's third cross-assignment of error is not well taken.
 CROSS ASSIGNMENT OF ERROR IV
"The trial court abused its discretion and erred to the prejudice of the Cross-Appellant/Appellee when it found a gift to Cross-Appellee/Appellant that was acquired during the marriage was separate property where there was no clear and convincing evidence of the donative intent."
 {¶ 28} In her final cross-assignment of error, Appellee asserts that the trial court erred in finding that certain property Appellant had received from his family's business was a gift and not marital property. We disagree.
 {¶ 29} Again we note that we must affirm the trial court's decision on whether or not property is classified as marital property unless its conclusion is unsupported by any competent, credible evidence. Boreman, 2002-Ohio-2320, at ¶ 7.
 {¶ 30} Separate property includes "[a]ny gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(6)(a)(vii). On April 23, 2003, after Appellant had filed for divorce, his parents made a gift to him and his siblings of a certain number of ownership units in their business.
 {¶ 31} Appellant testified that he and his siblings were "gifted a certain amount of equal shares from [his] parents[,]" and he submitted a document detailing the gift arrangements, and to whom the units were to be gifted to. Notably absent was any mention of Appellee or Appellant's family. It was not contested at the divorce proceedings, or at any time prior to the instant appeal, that the shares that Appellant had received from his parents "were gifted to [him], and not purchased during the marriage." Accordingly, we do not find that the trial court's decision, that the property was a gift to Appellant only, was unsupported by the evidence. Appellee's final cross-assignment of error is, therefore, not well taken.
 {¶ 32} We overrule Appellant's assignment of error, and we find that Appellee's four cross-assignments of error are without merit. The judgment of the Domestic Relations Court of Summit County is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Boyle, J. Concurs.
Carr, J. Concurs in Judgment Only.
[1] All tax amounts and calculations are approximations.