VARNER, Appellant,

v.

VARNER, Appellee.

[Cite as *Varner v. Varner,* 170 Ohio App.3d 448, 2007-Ohio-675.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 06CA0024.

Decided Feb. 20, 2007.

Lon R. Vinion, for appellant.

Rosanne K. Shriner, for appellee.

CARR, Judge.

{¶ 1} Appellant, Jeffrey Varner, appeals the decision of the Wayne County Court of Common Pleas, which denied his motions for clarification and reconsideration and overruled his objections. This court affirms in part and reverses in part.

I

{¶ 2} On July 17, 1999, appellant and appellee, Christine Varner, were married. During the marriage, the parties had two children. On December 8, 2004, appellant filed for divorce. Shortly thereafter, appellee filed her answer and counterclaim for divorce.

{¶ 3} The trial court held a hearing on appellant's claim and appellee's counterclaim on November 8, 2005. The magistrate issued his findings and decision on November 30, 2005. Both appellant and appellee filed objections to the magistrate's decision.

{¶ 4} On February 24, 2006, the trial court overruled the objections of both appellant and appellee except for the objections relating to the issues of health-care coverage and day-care expenses, which were remanded to the magistrate for further review. On February 8, 2006, the magistrate issued a decision instructing appellant to file a copy of his proposed shared-parenting plan and allowing the parties to file supplemental trial briefs on the issues of health-care coverage and day-care expenses. The magistrate held a review hearing on March 6, 2006, and issued a decision from that hearing on March 8, 2006, recommending that the trial court adopt his prior findings and decision dated November 30, 2005. On March 9, 2006, appellant filed a motion for clarification and reconsideration and objections. On March 16, the trial court overruled appellant's motion. Appellant timely appealed the trial court's decision, setting forth four assignments of error for review.

II

### FIRST ASSIGNMENT OF ERROR

The trial court erred in calculating the amount of child support that should be due and payable by miscalculating health insurance costs, day care costs and dental insurance costs.

{¶ 5} In his first assignment of error, appellant argues that the trial court erred in calculating the amount of child support he should receive by failing

to include the cost of day care for the parties' two minor children when completing the child-support worksheet.[1] This court agrees.

{¶ 6} This court reviews matters involving child support under the abuse-of-discretion standard. *Keller v. Keller*, 9th Dist. No. 04CA0084, 2005-Ohio-3302, 2005 WL 1523860, at ¶ 7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, this court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 7} The basic child-support schedule is codified at R.C. 3119.021; the schedule shows the child-support obligation, based upon the combined gross income of the parents. R.C. 3119.022 outlines the content and form for the child-support-computation worksheet applicable to situations in which one parent is the residential parent or in which the parties have shared parenting. Line 19 of the worksheet asks for the expenses for child care, including day care. While child-support determinations are generally governed by an abuse-of-discretion standard, in *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, the Supreme Court of Ohio held that the child-support guidelines mandate the following: (1) A child-support-computation worksheet must actually be completed and made a part of the trial court's record, (2) this requirement is mandatory and must be literally and technically followed, and (3) any court-ordered deviation must be supported by findings of fact and must be journalized. Id. at paragraphs one through three of the syllabus.[2]

{¶ 8} Pursuant to R.C. Chapter 3119 and *Marker*, a trial court must actually complete a child-support worksheet and make that completed worksheet a part of the record when it is making a child-support determination. Id. at 142,

---

1. Although appellant referred to health- and dental-insurance costs in his first assignment of error, a review of the record shows that appellant failed to preserve this issue for appeal when he failed to address the magistrate's finding regarding these issues in his objections to the magistrate's decision. Civ.R. 53(E)(3)(d) states, "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." When a party fails to raise an issue in the party's objections to the magistrate's decision, it may not be raised for the first time on appeal. *Carr v. Carr* (Aug. 11, 1999), 9th Dist. No. 2880–M, 1999 WL 598837. Therefore, this court need not address this issue on appeal.

2. In *Marker,* the Supreme Court was interpreting R.C. 3113.215. R.C. 3113.215 has been repealed and replaced by R.C. 3119.02, which includes language identical to the former statute concerning the responsibility of the court to calculate the amount of child support in accordance with the child-support schedule and applicable worksheet. 2000 Am.Sub.S.B. No. 180.

601 N.E.2d 496. This requirement is mandatory and must be followed literally and technically in all material respects. Id. The trial court is to follow this requirement in order to ensure that its order is subject to meaningful appellate review. Id.

{¶ 9} In the present matter, both appellant and appellee testified that the cost of day-care expenses for their two minor children was $180 per week. However, the trial court failed to include the $180 per week when completing the child-support worksheet. The trial court's failure to include the cost of day care for the parties' children when completing the child-support worksheet constitutes an abuse of discretion. *Marker.* Consequently, appellant's first assignment of error is sustained.

## SECOND ASSIGNMENT OF ERROR

The trial court erred in ordering a deviation in child support when such deviation was not demonstrated to be in the best interest of the parties' minor children, was contrary to an agreement testified to by the parties and which left the plaintiff father, as custodial parent, unable to meet [the minor children's] daily needs.

{¶ 10} Appellant contends in his second assignment of error that the trial court erred in ordering a deviation in child support. Specifically, appellant argues that the deviation as computed by the trial court failed to allocate half of the day-care expenses for the parties' minor children to appellee. Due to this court's finding that the trial court erred in its initial computation of the parties' child-support obligations, we do not reach the merits of appellant's argument. However, appellant's second assignment of error is sustained in that the issue of whether a deviation in child support is warranted is remanded to the trial court for reconsideration upon its proper computation of child support.

## THIRD ASSIGNMENT OF ERROR

The trial court erred in failing to provide plaintiff father his separate property claim and such determination by the trial court was contrary to the manifest weight of the evidence, contrary to law and an abuse of discretion.

{¶ 11} In his third assignment of error, appellant argues that the trial court erred in denying his request for a credit in the amount of $6,300 as an offset to labor he contributed to the construction of the marital residence, in the amount of $9,523 for money he contributed to the marital residence, and in the amount of $3,000 for payments appellant made on the marital residence during the pendency of the divorce. This court agrees with appellant's argument regarding the $6,300.

{¶ 12} The distribution of assets in a divorce proceeding is governed by R.C. 3105.171. *Bucalo v. Bucalo,* 9th Dist. No. 05CA0011–M, 2005-Ohio-6319, 2005 WL 3193851, at ¶ 11. Prior to distributing any assets, the trial court is required, by statute, to determine whether property is marital or separate property. Id. See R.C. 3105.171(B).

{¶ 13} This court has held that the "characterization of property as either marital or separate is a factual inquiry, and we review such characterization under a manifest weight of the evidence standard." *Morris v. Morris,* 9th Dist. No. 22778, 2006-Ohio-1560, 2006 WL 826078, at ¶ 23. Therefore, this court must affirm the trial court's characterization if it is supported by competent, credible evidence. *Bucalo,* 2005-Ohio-6319, 2005 WL 3193851, at ¶ 12. "This standard of review is highly deferential and even 'some' evidence is sufficient to sustain the judgment and prevent a reversal." *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989.

A. Appellant's separate-property claim in the amount of $6,300

{¶ 14} Appellant first argues that he is entitled to a separate property claim in the amount of $6,300 due to work he performed at the marital residence prior to the parties' marriage. Appellant did certain work, and in return, the contractor reduced the purchase price of the home by $6,300. This court agrees that appellant is entitled to a credit of $6,300 for the work he performed at the marital residence prior to the marriage.

{¶ 15} R.C. 3105.171 defines as marital property any interest that either or both of the spouses has in real property that was acquired by either or both spouses during the marriage. R.C. 3105.171(A)(3)(a)(ii). R.C. 3105.171(A)(3)(b) provides that " '[m]arital property' does not include any separate property."

{¶ 16} R.C. 3105.171(A)(6)(a)(ii) defines separate property as "all real and personal property and any interest in real or personal property that is found by the court to be * * * [a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage."

{¶ 17} In the present matter, appellant performed worked on the marital residence before the parties were married.[3] Appellee argues that appellant failed to show that the work he performed increased the value of the home by $6,300.

---

3. While the parties differ in their recollection as to who performed what tasks on the marital residence prior to the marriage, the trial court found that appellant did in fact perform the work that resulted in a $6,300 reduction in the purchase price. After reviewing the record, this court concludes that there was competent, credible evidence to support the trial court's finding.

Therefore, appellee avers that the $6,300 reduction in the purchase price of the home constituted marital property. Appellant argues that the $6,300 reduction in the purchase price of the parties' marital residence is no different than if he had contributed $6,300 in cash towards the purchase of the home. Given the specific facts of this case, this court is persuaded by appellant's argument.

{¶ 18} To support her argument, appellee cites *Bizjak v. Bizjak*, 11th Dist. No. 2004–L–083, 2005-Ohio-7047, 2005 WL 3610424. However, *Bizjak* is distinguishable from the case at hand. In *Bizjak*, the alleged improvements made to the marital residence were made during the marriage. The work for which appellant is seeking credit was performed on the marital residence prior to the parties' marriage. As a result of appellant's performing the work himself, the contractor reduced the purchase price of the home by $6,300. Therefore, appellant should receive credit for the $6,300 as separate property.

B. Appellant's separate-property claim in the amount of $9,523.

{¶ 19} Appellant submitted numerous exhibits showing purchases totaling $9,523. Appellant testified that the items purchased were used in construction of the marital residence. Appellant contends that the trial court erred in not declaring the $9,523 his separate property. Appellee testified that she assisted in the payment of these expenses.

{¶ 20} Pursuant to R.C. 3105.171(A)(6)(b), "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." This court has held that "traceability is the issue when determining whether separate property remains separate property once it has been commingled with marital property." *Bucalo*, 2005-Ohio-6319, 2005 WL 3193851, at ¶ 13, citing *Wheeler v. Wheeler* (Dec. 12, 2001), 9th Dist. No. 3188–M, 2001 WL 1581574. "The party seeking to have the commingled property deemed separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to his or her separate property." *West v. West* (Mar. 13, 2002), 9th Dist. No. 01CA0045, 2002 WL 388845.

{¶ 21} Appellant offered no evidence to support his claim that the money used to purchase the items totaling $9,523 came solely from his separate money. Therefore, the $9,523 is not traceable. Consequently, appellant's argument regarding the $9,523 fails.

C. Appellant's separate-property claim in the amount of $3,000

{¶ 22} On appeal, appellant argues that the court found that the mortgage on the marital residence was reduced by $3,000 during the pendency of the

divorce and that he was the only one who paid the mortgage payments during that time, so he should receive credit for doing so because he had to buy out appellee. However, the trial court characterized this as a cost of refinancing the marital residence and removing appellee from the mortgage and denied appellant's claim that this was a separate-property interest for which he should receive credit. After reviewing that record, it is clear that in his trial brief, appellant did request a $3,000 credit based upon the estimated cost of refinancing the marital residence. However, appellant failed to preserve this issue for appeal when he failed to address the magistrate's finding regarding his request in his objections to the magistrate's decision. Civ.R. 53(E)(3)(d) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." When a party fails to raise an issue in the party's objections to the magistrate's decision, it may not be raised for the first time on appeal. *Carr v. Carr* (Aug. 11, 1999), 9th Dist. No. 2880–M, 1999 WL 598837. Therefore, this court need not address this issue on appeal.

{¶ 23} Appellant's argument regarding his request for a credit in the amount of $6,300 is sustained. His arguments for credits in the amounts of $9,563 and $3,000 are overruled.

### FOURTH ASSIGNMENT OF ERROR

The trial court erred in its overall distribution of marital asset and debt, such determination being an abuse of discretion, contrary to the manifest weight of the evidence and contrary to law

{¶ 24} Appellant's fourth assignment of error is nothing more than a reiteration of his previous three assignments of error. This assignment of error is sustained in part and overruled in part consistent with this court's resolution of appellant's first three assignments of error.

### III

{¶ 25} Appellant's first and second assignments of error are sustained. Appellant's third and fourth assignments of error are sustained in part and reversed in part. The decision of the Wayne County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the matter is remanded to the trial court for proceedings consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

WHITMORE, P.J., and MOORE, J., concur.