[Cite as *Grosse v. Grosse*, 2014-Ohio-5642.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DINA M. GROSSE

    Appellee

    v.

GERALD A. GROSSE

    Appellant

C.A. No.     27159

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2010 11 3216

DECISION AND JOURNAL ENTRY

Dated: December 23, 2014

CARR, Presiding Judge.

{¶1}   Appellant, Gerald Grosse, appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that awarded attorney fees to his former wife. This Court affirms.

I.

{¶2}   Gerald and Dina Grosse divorced in 2012 after a brief marriage. The matter was heard by a magistrate, who recommended that the trial court order Mr. Grosse to pay Ms. Grosse's attorney fees in connection with the divorce. The trial court entered judgment to that effect, but later sustained Mr. Grosse's objection to the process through which the issue of attorney fees had been decided. Because the trial court overruled the rest of Mr. Grosse's objections, the matter of attorney fees returned to the magistrate for consideration in accordance with Loc.R. 25 of the Court of Common Pleas of Summit County, Domestic Relations Division.

On the date of the hearing before the magistrate, Ms. Grosse's attorney filed an affidavit of attorney's fees and costs under Loc.R. 25.02.

{¶3} The magistrate recommended that Mr. Grosse pay $12,853.34 in attorney fees, and the trial court entered judgment consistent with the magistrate's decision. Mr. Grosse filed objections, but the trial court overruled his objections and entered judgment awarding attorney fees to Ms. Grosse. Mr. Grosse appealed. His two assignments of error are addressed in reverse order.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PERMITTING [MS. GROSSE] TO SUBMIT INTO EVIDENCE AN AFFIDAVIT IN SUPPORT OF HER CLAIM FOR ATTORNEY FEES WHEN THE AFFIDAVIT WAS NOT SUBMITTED IN ACCORDANCE WITH THE PROVISIONS OF LOCAL RULE 12, WHICH REQUIRED THAT THE EXHIBIT BE PROVIDED AT LEAST 7 DAYS IN ADVANCE OF THE HEARING.

{¶4} Ms. Grosse's second assignment of error is that the trial court erred by considering the affidavit of attorney's fees and expenses filed by Ms. Grosse before the hearing. We disagree.

{¶5} Loc.R. 12.01(C) of the Summit County Court of Common Pleas, Domestic Relations Division, governs the process for timely submitting exhibits. The Rule provides:

> Unless otherwise approved by the court not less than seven days prior to the trial or evidentiary hearing, the parties shall submit to the court and the opposing party copies of all documents or other exhibits to be introduced at the trial or evidentiary hearing. At the trial or evidentiary hearing, the court will not admit any exhibits not timely submitted, except for good cause shown.

An affidavit of attorney's fees and costs, on the other hand, is governed by Loc.R. 25.02 of the Summit County Court of Common Pleas, Domestic Relations Division, which requires that "[a]t

a hearing on a request for attorney's fees, either party shall present evidence or stipulations sufficient for the court to make a decision under statutory guidelines." The purpose of the affidavit is to assist the trial court in determining the reasonableness of the fees that are requested, and expert testimony in that regard is not required. *See* Loc.R. 25.04(B) of the Summit County Court of Common Pleas, Domestic Relations Division.

{¶6} Ms. Grosse's attorney filed an affidavit of attorney's fees and costs, as contemplated by Loc.R. 25.02, on the date of the hearing. The affidavit set forth counsel's work on the matter and incorporated counsel's billing statements, and counsel represented that he was prepared to testify about the substance of the affidavit if required. As such, it is in the nature of testimony rather than an exhibit, and it is questionable whether Loc.R. 12.01 applies in this instance. In addition, counsel for Ms. Grosse stated on the record that he had reviewed the affidavit with Mr. Grosse's attorney and that upon that review, the amount of fees requested should be reduced by $1,200 to reflect fees already paid by Mr. Grosse. Counsel for Mr. Grosse objected to the use of the affidavit under Loc.R. 12.01, but he did not request a continuance or request that the trial court require Ms. Grosse's attorney to testify in lieu of the affidavit. With respect to the substance of the affidavit, Mr. Grosse's attorney reiterated his position that the parties should each be responsible for their own fees based on their respective circumstances at the time of the divorce. He agreed, however, with the representations made by Ms. Grosse's attorney regarding the amount of her legal fees. In other words, although Mr. Grosse maintained his objection to an award of attorney fees in general, he did not dispute the information set forth in the affidavit of fees and expenses, and the trial court considered the matter on that basis.

{¶7} Because the affidavit of fees and expenses is more akin to testimony than an exhibit, it does not fall under the purview of Loc.R. 12.01. Regardless, counsel for Mr. Grosse

neither requested a continuance nor asked the trial court to require Ms. Grosse's attorney to testify, and he did not challenge the substance of the affidavit. Mr. Grosse's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

> THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT ORDERED [MR. GROSSE] TO PAY ALL OF [MS. GROSSE'S] ATTORNEY FEES AND EXPENSES IN THE AMOUNT OF [$12,853.34].

{¶8} Mr. Grosse's first assignment of error reiterates his argument that the trial court should not have considered the affidavit of fees and expenses and argues that the trial court abused its discretion by ordering him to pay all of Ms. Grosse's attorney fees. We disagree.

{¶9} Attorney fees in connection with a divorce may be awarded under R.C. 3105.73(A), which provides:

> In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

*See also* Loc.R. 25.04(A) of the Summit County Court of Common Pleas, Domestic Relations Division. "Because a court addresses an award of attorney fees through equitable considerations, a trial court properly can consider the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation." *Padgett v. Padgett*, 10th Dist. Franklin No. 08AP-269, 2008-Ohio-6815, ¶ 17. A trial court has broad discretion in considering an award of attorney fees, and an award will only be reversed upon an abuse of the trial court's discretion. *Guziak v. Guziak*, 80 Ohio App.3d 805, 816 (9th Dist.1992).

{¶10} Ms. Grosse filed an affidavit of fees and expenses that set forth her total amount of attorney fees minus $1,800 that Mr. Grosse had already paid in connection with contempt. Counsel for the parties agreed on the record that an additional $1,200 should be subtracted. Although Mr. Grosse objected to the magistrate's consideration of the affidavit on procedural grounds, he neither objected to the amount and reasonableness of the fees set forth therein nor offered any evidence to contradict the affidavit. Instead, the sum and substance of his argument before the magistrate related to whether attorney fees should be awarded at all.

{¶11} In this respect, the trial court did not abuse its discretion. The record indicates that although there was not a disparity in the parties' incomes such that spousal support was warranted, Ms. Grosse alleged financial misconduct on the part of Mr. Grosse during the marriage. Specifically, she alleged that Mr. Grosse – who spent a significant portion of their short marriage incarcerated – used his marital income to support a mistress in another home in Medina County. During the course of the divorce litigation, the trial court held Mr. Grosse in contempt for failure to provide discovery on one of several motions that Ms. Grosse filed to that effect. This Court cannot conclude that it was an abuse of discretion for the trial court to conclude that an attorney fee award was equitable under these circumstances.

{¶12} Mr. Grosse's first assignment of error is overruled.

III.

{¶13} Mr. Grosse's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                _____
                                DONNA J. CARR
                                FOR THE COURT

MOORE, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

KENNETH R. HURLEY, Attorney at Law, for Appellant.

DEAN S. HOOVER, Attorney at Law, for Appellee.