[Cite as *Weber v. Devanney*, 2020-Ohio-4450.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

NELSON WEBER

    Appellee

v.

KATHARINA DEVANNEY

    Appellant

C.A. No.     29374

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2010-05-1534

DECISION AND JOURNAL ENTRY

Dated: September 16, 2020

CARR, Judge.

{¶1}    Defendant-Appellant Katharina Devanney ("Wife") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2}    This Court set out a portion of the history of this case in the prior appeal:

Wife and Plaintiff-Appellee Nelson Weber ("Husband") were married May 3, 2003. One daughter was born of the marriage on December 28, 2009.

In 2008, Husband relocated to Maryland for work. It was planned that Wife would ultimately join him in Maryland; however, that did not occur. Nonetheless, Husband regularly returned to Ohio.

On May 25, 2010, Husband filed a complaint for divorce. In the complaint, Husband alleged that he had been a resident of Ohio for at least 6 months immediately preceding the filing of the complaint and a resident of Summit County for at least 90 days. Wife answered and filed a counterclaim seeking a divorce. In her answer, Wife admitted the allegations concerning Husband's residency, and, in her counterclaim, she alleged that she was a resident of Ohio for at least 6 months and of Summit County for at least 90 days prior to the filing of her counterclaim. During the course of the proceedings, Husband moved back to Ohio.

The matter proceeded to a final hearing before a magistrate. That hearing was continued over several days. It began March 29, 2012, and ended June 25, 2014. Thereafter, a magistrate's decision was issued, which the trial court adopted the same day. Both parties subsequently filed objections to the decision. After the transcript was filed, both parties filed supplemental briefs in support of their objections.

In 2017, the trial court opted to rehear parenting issues due to the passage of time. Towards the end of the hearing, the parties agreed to a shared parenting plan. On October 30, 2017, the trial court issued an entry ruling on the objections. That same day, the trial court also issued a decree of divorce that incorporated a shared parenting plan. Thereafter, Wife appealed the final judgment.

In December 2017, the trial court ordered that the Summit County Child Support Enforcement Agency should reduce Husband's overpayment of child support by $4,483.32. The entry indicated that that sum represented the amount Husband owed Wife from his Firestone Credit Union account. In addition, the order provided that Husband's obligation, in that regard, was satisfied, but Wife remained obligated to Husband for the overpayment of child support. Wife also appealed from that entry.

This Court ultimately consolidated the appeals.

*Weber v. Devanney*, 9th Dist. Summit Nos. 28876, 28938, 2018-Ohio-4012, ¶ 2-8.

{¶3} This Court concluded that the trial court did not err in concluding that it had jurisdiction to determine the matter, *id.* at ¶ 15, and that Wife's assignment of error that the trial court abused its discretion in deciding the "divorce case at hand" was without merit. *Id.* at ¶ 24. However, this Court did sustain Wife's second assignment of error, agreeing that the trial court failed to conduct an independent review of the magistrate's decision as required by Civ.R. 53. *Id.* at ¶ 21-22. In addition, we determined that, in conducting the independent review on remand, the trial court should specify whether it considered the merits of Wife's additional objections in her supplemental brief that Husband challenged below. *Id.* at ¶ 22.

{¶4} Upon remand, the trial court issued a judgment entry in which it considered all of Wife's objections and declined to strike any of them. Wife has appealed, raising eight assignments of error for our review.

II.

## General Standard of Review

{¶5} Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Pflaum v. Summit Cty. Animal Control*, 9th Dist. Summit No. 28335, 2017-Ohio-4166, ¶ 11, citing *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'" *Pflaum* at ¶ 11, quoting *Tabatabai* at ¶ 18.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE INCORRECTLY FOUND WIFE IN CONTEMPT FOR FAILING TO PAY THE MORTGAGE ON THE THORNHILL PROPERTY AND ERRED BY REQUIRING WIFE TO REIMBURSE HUSBAND FOR THE MORTGAGE PAYMENTS FROM JANUARY 2012 THROUGH DECEMBER 2013.

{¶6} Wife argues in her first assignment of error that the trial court erred in finding her in contempt for failing to pay the mortgage on the marital home and ordering her to reimburse Husband for the mortgage payments. While Wife additionally argues that the trial court's finding that the lack of equity in the marital home was the result of Wife's non-payment of the mortgage was not supported by the record, this argument is outside the scope of Wife's stated assignment of error and will not be addressed. *See U.S. Bank Trust, N.A. v. Antoine*, 9th Dist. Summit No. 28990, 2019-Ohio-3868, ¶ 15. This argument, however, will be addressed below where it has been appropriately raised.

{¶7} We review a trial court's contempt finding for an abuse of discretion. *See Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of

justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." (Internal quotations and citations omitted.) *Id.* at ¶ 48.

{¶8} The marital home was purchased prior to the marriage, on January 9, 2003. Only Husband signed the note, but both Husband and Wife signed the mortgage.

{¶9} On September 16, 2010, the magistrate issued temporary orders. The magistrate ordered temporary spousal support in the amount of $600.00 per month and child support in the amount of $772.72 per month from May 25, 2010 through September 30, 2010. Effective October 1, 2010, spousal support was set at $2,833.33 per month and child support was set at $503.08 per month. Effective August 23, 2010, Wife was granted exclusive use of the marital residence. The magistrate also ordered Husband and Wife to pay specified expenses:

> Husband shall pay the following expenses: His living expenses; any debt in his name; and his expenses as set forth for various time periods in paragraph 8 of the Findings of Fact.

> [] Wife shall pay the following expenses: her and the child's living expenses; any debt incurred in her name; and her expenses as set forth in various time periods in paragraph 8 of Findings of Fact.

{¶10} Paragraph 8 of the magistrate's findings of fact provided as follows:

> Fixed expenses for May 25, 2010, through September 30, 2010, are $2,933.00 for Husband (life insurance $120.00; car insurance $45; health insurance for Wife $75; mortgage $1,081; water/sewer $145; electric $110; gas $262; rent $1[,]125, water [apt.] $15) and $100 for Wife (car $100). Effective October 1, 2010, Fixed expenses for Husband (rent $1,225; water $15; car insurance $45; life insurance $120; and health insurance for Wife $75, Fixed expenses for Wife (gas $262; electric $110; mortgage $1,081; water/sewer $45; and car insurance $100).

{¶11} Husband moved to set aside the magistrate's order, but the motion was denied. The last mortgage payment that Wife made was in January 2012. On March 19, 2012, Husband filed a motion seeking to hold Wife in contempt for failing to pay the mortgage. Husband filed another motion for contempt in September 2012. Following motions to modify, in November 2012, the magistrate modified the temporary orders.

{¶12} The November 2012 order set spousal support from May 12, 2011 through January 31, 2012 at $800 per month, but from February 1, 2012 onward, spousal support was terminated. Child support was set at $1,408.25 per month from May 12, 2011 through January 31, 2012, $1,558.83 per month from February 1, 2012 through June 25, 2012, and $1,373.83 per month from June 26, 2012 forward. The order also states that, "[a]ll prior orders that are not inconsistent with this Order, including the mutual restraining order, shall remain in effect."

{¶13} In the findings of fact section of the order, the magistrate listed the expenses of the parties. The order states that Husband's fixed expenses are $1,480 for May 12, 2011 through June 25, 2012 and are $1,183 beginning June 26, 2012. Wife's fixed expenses are $1,544 from May 12, 2011 through January 31, 2012. Beginning February 1, 2012, Wife's fixed expenses are set forth as $463. In setting forth the expenses, the order references "Ct. A." Attached to the order is an exhibit that appears to be labeled "Ct. A."

{¶14} The attached exhibit is a list of expenses. For Husband, it includes rent, water, car insurance, life insurance, and health insurance for the period of May 12, 2011 through June 25, 2012. Thereafter, the list includes rent, car loan, car insurance, water, electric, and life insurance. For Wife, the document specifies that Wife's expenses from May 12, 2011 to January 31, 2012 include gas, electric, water, car insurance, and the mortgage. However, effective February 2, 2012, Wife's expenses are listed only as gas, electric, water, and car insurance.

{¶15} We can only conclude that the trial court abused its discretion in holding Wife in contempt for failing to pay the mortgage payments after January 2012. The magistrate's November 2012 order did not include the mortgage payment in Wife's expenses as of February 1, 2012. While it is true that the September 2010 order did specify that Wife was to pay the mortgage beginning October 1, 2010, the November 2012 order provided that Wife's expenses only included

the mortgage payment through January 31, 2012. Effective February 1, 2012, Wife's expenses did not include the mortgage payment. It would be inconsistent with the November 2012 order to conclude that Wife was responsible for the mortgage payment after January 31, 2012.

{¶16} Unfortunately, under the November 2012 order, neither party was responsible for the mortgage payment as the magistrate allocated this expense to neither party. This was clearly an oversight on the part of magistrate; nonetheless, there is nothing in the order that suggests the expense should have been Wife's subsequent to January 31, 2012. If anything, given the express language in Wife's column of the exhibit indicating that the mortgage was to be added through January 31, 2012, it appears that the magistrate mistakenly omitted the obligation to pay the mortgage from Husband's column.

{¶17} The trial court abused its discretion in finding Wife in contempt for failing to pay the mortgage after January 31, 2012. Thus, the trial court also abused its discretion in sanctioning Wife for that conduct.

{¶18} Wife's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING THAT WIFE WAS REQUIRED TO
FILE A NOTICE OF INTENT TO LOCATE.

{¶19} Wife argues in her second assignment of error that the trial court abused its discretion in finding that Wife failed to file a notice of intent to relocate.

{¶20} Wife asserts that the magistrate ordered her to vacate the marital residence and that the time she was given to move was not sufficient for her to file a timely notice of her intent to relocate. Thus, she maintains it was impossible for her to comply. Essentially, Wife is arguing that she had an excuse for her noncompliance. However, even assuming that the foregoing is true, Wife has not explained how she was prejudiced by the trial court's failure to sustain her objection

as to that finding, and has not pointed to any consequences she suffered as a result of the finding. *See* App.R. 16(A)(7). Notably, Wife was not found in contempt for failing to file the notice of intent to relocate. It is well settled that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Civ.R. 61. Wife has not demonstrated that the trial court committed reversible error in adopting that finding.

{¶21} Wife's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING THE DIVORCE CASE AT HAND[.]

{¶22} Wife argues in her third assignment of error that the trial court abused its discretion. Wife made this same argument in the prior appeal and this Court overruled it. *See Weber*, 2018-Ohio-4012, at ¶ 24. Res judicata prohibits Wife from relitigating this issue. *See Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 28589, 2018-Ohio-573, ¶ 7.

{¶23} Wife's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION TO INCORRECTLY AND RETROACTIVELY MODIFY CHILD SUPPORT.

{¶24} Wife argues in her fourth assignment of error that the trial court erred by retroactively modifying child support to the date of trial.

{¶25} Husband argues that Wife should not be able to raise this argument, and those raised in her fifth and sixth assignments of error, on appeal because Wife first raised the issue in her supplemental brief to her objections. Husband cites to *Mustard v. Mustard*, 12th Dist. Warren Nos. CA 2009-06-078, CA 2009-09-118, 2010-Ohio-2175, and *In re B.P.*, 9th Dist. Summit Nos. 27541, 27542, 2015-Ohio-4352, in support of this proposition. In *In re B.P.,* this Court stated that, "[a] memorandum is an improper means of objection, when a specific objection was not raised in the original objections to the magistrate's decision, and the court did not otherwise grant leave to file supplemental objections." *Id.* at 17, citing *Mustard* at ¶ 31. Here, on remand, this Court ordered the trial court to determine whether it was considering Wife's additional objections. *See Weber*, 2018-Ohio-4012, at ¶ 22. The trial court then expressly considered Wife's additional objections. Even assuming Wife's approach to submitting additional objections was improper, we cannot say that the trial court was prohibited from considering them under the circumstances before us, nor has Husband specifically argued that the trial court could not consider the additional objections. We note that Husband was given the opportunity to respond to Wife's supplemental briefing and additional objections. Moreover, the trial court's actions support that it implicitly granted leave to Wife to file the additional objections. Accordingly, we cannot say that Wife has forfeited her arguments raised in her fourth through sixth assignments of error.

{¶26} Wife maintains that, pursuant to this Court's precedent in *Morrison v. Morrison*, 9th Dist. Summit No. 27150, 2014-Ohio-2254, the retroactive modification was error. In support of her argument, she relies upon the following language from *Morrison*:

> Orders modifying child support obligations are generally retroactive to the date the modification was requested by one of the parties. *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 421 (9th Dist.1990). But when the parties are operating under temporary support orders without a request for modification, it is inequitable to retroactively apply an increase to the period between the trial and the final judgment entry. [*Ostmann v.*] *Ostmann*[, 168 Ohio App.3d 59, 2006-Ohio-3617,] ¶ 43-45. Rather under those circumstances, any modification of the temporary support orders "may equitably be applied only prospectively from the date of the decree." *Id.* at ¶ 45.

*Morrison* at ¶ 23.

{¶27} Wife premises her argument entirely on her contention that no motions for modification were pending at the time of trial. The record discloses that during the trial, motions to modify by both Husband and Wife were pending. The trial spanned several different dates over an extended period of time: the first day of trial was in March 2012 and the last was in June 2014. On April 29, 2013, Husband moved to decrease child support and on May 1, 2013, Wife moved to increase child support. Given Wife's limited argument on appeal, which is based solely on the contention that no motions to modify were pending at the time of trial, we cannot say that Wife has demonstrated that the trial court committed reversible error. *See* App.R. 16(A)(7).

{¶28} Wife's fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE FAILED TO UTILIZE THE PARTIES' ACTUAL INCOMES WHEN CALCULATING CHILD SUPPORT FOR 2012 AND 2013.

{¶29} Wife argues in her fifth assignment of error that the trial court failed to take into account the parties' incomes in 2012 and 2013 in calculating child support.

{¶30} Wife notes that the child support worksheet utilized by the trial court in the decree lists Husband's income as $68,853 and Wife's income as $35,000. These figures correspond to the amounts that the trial court determined were the parties' incomes in 2014. Wife does not appear to assert that these figures are inaccurate for 2014. Instead, Wife contends that the trial court should have taken into consideration the parties' incomes for 2012 and 2013, which were higher for Husband and lower for Wife. However, it is not clear to this Court what precisely Wife wanted the trial court to do. We are uncertain whether Wife is asserting that the trial court should have completed a child support worksheet for each year, and thus had a different child support amount for each year, or if the trial court should have averaged the parties' incomes for the three years. Or perhaps Wife is arguing for some other result. Given that we are unsure what Wife believes the correct child support income figure or figures should be, we cannot properly evaluate whether the trial court committed reversible error in adopting the figures it did. *See* App.R. 16(A)(7); *see also Mahoney v. Mahoney*, 9th Dist. Medina No. 16CA0061-M, 2017-Ohio-7917, ¶ 9 ("It is the appellant's burden to affirmatively demonstrate error on appeal.").

{¶31} Wife's fifth assignment of error is overruled on that basis.

### ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE FAILED TO INCLUDE WIFE'S WORK-RELATED CHILD CARE EXPENSES IN THE CHILD SUPPORT CALCULATION.

{¶32} Wife argues in her sixth assignment of error that the trial court erred in failing to include her work-related child care expenses in the child support worksheet.

{¶33} This Court has stated that "[t]he basic child-support schedule is codified at R.C. 3119.021; the schedule shows the child-support obligation, based upon the combined gross income of the parents. [Former] R.C. 3119.022 outlines the content and form for the child-support-

computation worksheet applicable to situations in which one parent is the residential parent or in which the parties have shared parenting. Line 19 of the worksheet asks for the expenses for child care, including day care." *Varner v. Varner*, 170 Ohio App.3d 448, 2007-Ohio-675, ¶ 7 (9th Dist.). The worksheet specifies that those expenses should be included "as approved by the court or agency[.]" Former R.C. 3119.022. In a situation where both parties agreed at trial what the cost of child care was, we concluded the trial court abused its discretion in failing to include that amount in the child support worksheet. *See Varner* at ¶ 9.

{¶34} The parties did spend a fair amount of time at trial discussing child care expenses. Wife utilized one child care provider when the child was in Wife's care, and Husband used a different, less expensive, child care provider when the child was in his care. The magistrate discussed this evidence in its findings of fact. The parties disagreed about how child care should be handled and how the expense for child care should be allocated between the parties. This discussion did not occur in the context of child support calculations.

{¶35} With respect to child support, the magistrate stated in its findings of fact, which were adopted by the trial court, that:

> Wife testified on direct examination that [Wife's] Exhibit JJJJ is a child support worksheet prepared by Wife. Wife testified that the income reflects her income in the amount of $15,000 and Husband's income in the amount of $78,000. Wife testified that there are no expenses for either herself or Husband. Wife testified that she is requesting child support in the amount of $721.50 and equalized income.

> Husband testified on direct and cross-examination that he has health insurance to cover the minor child at no expense.

{¶36} Those findings correctly reflect that Wife's child support worksheet, which was entered into evidence at trial, did not include child care expenses. Thus, at the time of trial, it did not appear that Wife was seeking to have child care expenses included on the child support worksheet. While Wife did file a post-trial brief that included a different child support worksheet

which included child care expenses for her, but not Husband, Wife did not object to the magistrate's findings of fact set forth verbatim above or point the magistrate to the child support worksheet accompanying her post-trial briefing. In the evidentiary materials Wife presented at the trial on the matter, Wife did not seek to have her child care expenses included in the child support calculation. Given these particular circumstances, and Wife's argument on appeal, we cannot say that Wife has demonstrated that the trial court abused its discretion in adopting the magistrate's findings or the conclusions based upon those findings.

{¶37}  Wife's sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE INCORRECTLY DETERMINED HUSBAND'S PREMARITAL INTEREST IN THE THORNHILL PROPERTY TO BE $30,797 AND ADDITIONALLY ERRED IN DEDUCTING DEFENDANT-APPELLANT'S INTEREST IN PLAINTIFF'S RETIREMENT ACCOUNTS, LIFE INSURANCE AND BANK ACCOUNTS AS A RESULT.

{¶38}  Wife argues in her seventh assignment of error that the trial court erred in determining that Husband's $30,797 premarital interest in the marital property should be deducted from Wife's interest in Husband's retirement account. Wife notes that there was no equity in the marital residence when it was sold; in fact, Husband owed money when the residence was sold. In light of our resolution of Wife's first assignment of error, and the trial court's reasoning for deducting $30,797 from Wife's interest in Husband's retirement account, we agree.

{¶39}  The trial court concluded that Husband had a $30,797 separate property interest in the marital home. The trial court then determined that that amount should be deducted from Wife's interest in Husband's retirement accounts because Wife was responsible for the lack of equity in the marital residence due to her failure to pay the mortgage as ordered. This Court concluded above that the magistrate's November 2012 order no longer required Wife to pay the mortgage as

it removed the mortgage from Wife's expenses. Thus, the trial court abused its discretion in concluding that the lack of equity in the marital residence was due to Wife's failure to abide by a court order. Accordingly, the trial court also abused its discretion in deducting $30,797 from Wife's interest in Husband's retirement accounts.

{¶40} Wife's seventh assignment of error is sustained.

ASSIGNMENT OF ERROR VIII

THE TRIAL COURT COMMITTED AN ERROR BY FAILING TO AWARD ATTORNEY FEES TO WIFE.

{¶41} Wife argues in her eighth assignment of error that the trial court erred in failing to award her attorney fees. Wife argues that Husband's actions caused the litigation to be unnecessarily long and financially burdensome.

{¶42} R.C. 3105.73(A) states:

> In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

Thus, a trial court's decision concerning whether an award of attorney fees is equitable is reviewed for an abuse of discretion. *See Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 57.

{¶43} The trial court determined that an award of attorney fees to either party would not be equitable. The litigation was unquestionably long and contentious. And while Wife was improperly faulted for not paying the mortgage as discussed above, we cannot say the record demonstrates that Husband was solely the cause for any delay in the proceedings. Notably, Wife did not always fully cooperate with discovery and filed many of her own motions. "Because a

court addresses an award of attorney fees through equitable considerations, a trial court properly can consider the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation." (Internal quotations and citations omitted.) *Grosse v. Grosse*, 9th Dist. Summit No. 27159, 2014-Ohio-5642, ¶ 9. Wife's argument focuses solely on Husband's conduct, while ignoring her actions which also contributed to delay. Wife has not demonstrated that the trial court abused its discretion in refusing to award either party attorney fees.

{¶44} Wife's eighth assignment of error is overruled.

III.

{¶45} Wife's first and seventh assignments of error are sustained. Her remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KATHARINA DEVANNEY, pro se, Appellant.

SUSAN K. PRITCHARD, Attorney at Law, for Appellee.