[Cite as *In re J.G.*, 2019-Ohio-2543.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: J.G.

C.A. No.     29261

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 17-11-0009

DECISION AND JOURNAL ENTRY

Dated: June 26, 2019

CALLAHAN, Presiding Judge.

{¶1}     Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed her child in the legal custody of the child's paternal grandparents ("Grandparents"). This Court affirms.

I.

{¶2}     Mother is the biological mother of J.G. (d.o.b. 5/28/14). Paternity has been established. The child resided with Mother, while Father has only had contact with the child a couple times during her life.[1] When J.G. was three-and-a-half years old, Summit County Children Services Board ("CSB" or "the agency") filed a complaint alleging the child to be abused and dependent based on concerns regarding Mother's mental health, substance abuse, and involvement in criminal activity. CSB later withdrew its allegation of abuse, and Mother

---

[1] Although properly served, Father had limited involvement in the case below and has not participated in this appeal.

stipulated that J.G. was a dependent child. The juvenile court granted temporary custody of J.G. to CSB, who placed the child with Grandparents. The juvenile court further adopted the agency's case plan as the order of the court.

{¶3} CSB filed a motion for legal custody to Grandparents. Mother did not file a dispositional motion, but requested that she be transported from the Community Based Correctional Facility ("CBCF") to attend the hearing on the agency's motion. At the hearing, Mother conceded that she was not then in a position to request legal custody of the child. Instead, she informed the magistrate that she opposed the agency's motion and requested more time, although she did not explicitly move for a six-month extension of temporary custody.

{¶4} After a hearing, the magistrate issued a decision granting CSB's motion for legal custody to Grandparents. Mother filed objections, arguing that she had insufficient time to work on her case plan objectives in pursuit of reunification because she had been in and out of jail since the initiation of the case. Both CSB and the guardian ad litem filed briefs in opposition to Mother's objections. The guardian ad litem noted that Mother never filed a motion for a six-month extension of temporary custody. CSB argued that there was no evidence to support a six-month extension of temporary custody pursuant to the statutory factors listed in R.C. 2151.415(D)(1). The juvenile court issued a judgment, overruling Mother's objections based on an analysis of the statutory best interest of the child factors. The juvenile court awarded legal custody of J.G. to Grandparents and ordered that Mother could pursue supervised visitation with the child. Mother filed a timely appeal in which she raises two assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN GRANTING SUMMIT COUNTY CHILDREN SERVICES' MOTION FOR LEGAL CUSTODY TO A RELATIVE.

{¶5} Mother argues that the juvenile court erred by granting CSB's motion for legal custody to Grandparents. This Court disagrees.

> On appeal, an award of legal custody will not be reversed if the judgment is supported by a preponderance of the evidence. Preponderance of the evidence entails the greater weight of the evidence, evidence that is more probable, persuasive, and possesses greater probative value. In other words, when the best interest of the child is established by the greater weight of the evidence, the trial court does not have discretion to enter a judgment that is adverse to that interest. Thus, our standard of review is whether a legal custody decision is against the manifest weight of the evidence.

(Internal citations and quotations omitted.) *In re M.F.*, 9th Dist. Lorain No. 15CA010823, 2016-Ohio-2685, ¶ 7.

{¶6} In considering whether the juvenile court's judgment is against the manifest weight of the evidence, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [hearing] ordered." (Internal quotations omitted.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20. When weighing the evidence, this Court "must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶7} "Following an adjudication of neglect, dependency, or abuse, the juvenile court's determination of whether to place a child in the legal custody of a parent or a relative is based solely on the best interest of the child." *In re K.H.*, 9th Dist. Summit No. 27952, 2016-Ohio-1330, ¶ 12. The statutory scheme regarding an award of legal custody does not include a specific

test or set of criteria, but Ohio courts agree that the juvenile court must base its decision to award legal custody on the best interest of the child. *In re B.B.*, 9th Dist. Lorain No. 15CA010880, 2016-Ohio-7994, ¶ 18, quoting *In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶ 23. In that regard, the juvenile court is guided by the best interest factors enunciated in R.C. 2151.414(D) relating to permanent custody. *In re B.G.*, 9th Dist. Summit No. 24187, 2008-Ohio-5003, ¶ 9, citing *In re T.A.*, 9th Dist. Summit No. 22954, 2006-Ohio-4468, ¶ 17. Those factors include the interaction and interrelationships of the child, the child's wishes, the custodial history of the child, the child's need for permanence, and whether any of the factors in R.C. 2151.414(E)(7)-(11) are applicable. R.C. 2151.414(D)(1)(a)-(e); *see also In re B.C.*, 9th Dist. Summit Nos. 26976 and 26977, 2014-Ohio-2748, ¶ 16.

{¶8} Although Mother cites the best interest factors enumerated in R.C. 2151.414(D)(1), the focus of her argument is that "the best interest of the child would have been to grant the mother sufficient time to effectuate reunification with the child." Accordingly, Mother argues that the juvenile court erred by failing to grant an extension of temporary custody to allow Mother to work towards reunification. Extensions of temporary custody are governed by R.C. 2151.415(D), which provides in relevant part:

> The court may extend the temporary custody order of the child for a period of up to six months, if it determines at the hearing, by clear and convincing evidence, that the extension is in the best interest of the child, there has been significant progress on the case plan of the child, and there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise permanently placed within the period of extension.

R.C. 2151.415(D)(1).

{¶9} In this case, there is no evidence of significant progress by Mother on her case plan objectives. Pursuant to the case plan, Mother was required to (1) schedule and obtain a mental health assessment at Summit Psychological and follow all treatment recommendations;

(2) schedule and obtain a substance abuse assessment at the Community Health Center, follow all treatment recommendations, and submit to requested drug screens; and (3) obtain safe and stable housing and adequate income to meet the basic needs of the child.

{¶10} Although the caseworker testified that she made all necessary referrals on behalf of Mother to Summit Psychological and the Community Health Center, Mother failed to schedule a mental health or substance abuse assessment. She spent most of the time that the case was pending in jail. At the time of the hearing, Mother had been transferred to CBCF. She testified that she received a substance abuse assessment there but had not yet begun participating in a treatment program. Mother admitted that she struggles with addiction issues and that she has used methamphetamine and opiates. Because she had not scheduled a mental health assessment, she had not participated in mental health treatment to address those issues. Furthermore, Mother had no job, no government assistance income, no housing, no driver's license, and no transportation. She did not expect to be released from CBCF for another three months, at which time she believed she would have employment and housing with a sober friend. She admitted that she had not yet applied for any jobs and that CSB had not been given any information regarding her friend to ensure that his home would be appropriate for the child. Under the circumstances, Mother's compliance with her case plan objectives was negligible. Moreover, given her lack of compliance and ongoing incarceration, there was no evidence of any reasonable cause to believe that J.G. could be reunified with Mother within six months. Accordingly, the juvenile court did not err by failing to extend the order of temporary custody of the child.

{¶11} Upon review of the evidence, the juvenile court's award of legal custody to Grandparents was not against the manifest weight of the evidence. J.G. was three-and-a-half

years old when she was removed from Mother's care and placed by CSB with Grandparents. During the pendency of the case, Mother admitted that she only had contact with the child approximately five times, even though she was not incarcerated for a month and had the ability to call the child from CBCF. The child is closely bonded with Grandparents who provide a safe, stable, secure, and appropriate home environment for her. Mother testified that, if she could not have legal custody, she wanted Grandparents to be the child's legal custodians. Mother recognized that the child was receiving proper care with Grandparents. Mother further testified that she had a good relationship with Grandparents and believed that they would allow her to visit with J.G. Grandparents both testified that the child is doing well in their home, that they are willing and able to provide for her until the age of the child's majority, and that they understand and will honor Mother's residual right to visit with the child. The child was too young to express her wishes for custody. The guardian ad litem reported that it is in the best interest of the child that she be placed in the legal custody of Grandparents.

{¶12} This is not the exceptional case where the trier of fact clearly lost its way and created a manifest miscarriage of justice by finding that an award of legal custody to Grandparents was in the best interest of the child. Accordingly, the juvenile court's judgment is not against the manifest weight of the evidence. Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERS[I]BLE ERROR WHEN IT FOUND THAT SUMMIT COUNTY CHILDREN SERVICES USED REASONABLE EFFORTS TO PREVENT THE CONTINUED REMOVAL OF THE CHILD FROM THE MOTHER.

{¶13} Mother argues that the juvenile court erred by finding that CSB had used reasonable efforts to prevent the continued removal of J.G. from Mother's home. This Court declines to consider the merits of Mother's alleged error.

**{¶14}** Juv.R. 40(D)(3)(b)(iv) provides:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

Accordingly, "'[w]hen a party fails to raise an issue in the party's objections to the magistrate's decision, it may not be raised for the first time on appeal.'" *In re C.C.-L.*, 9th Dist. Summit No. 28666, 2017-Ohio-9296, ¶ 23, quoting *Varner v. Varner*, 170 Ohio App.3d 448, 2007-Ohio-675, ¶ 22 (9th Dist.). Because Mother did not challenge the reasonable efforts finding in her objections to the magistrate's decision, she has forfeited that challenge on appeal except for a claim of plain error. *See In re J.W.*, 9th Dist. Summit Nos. 28966 and 28967, 2018-Ohio-3897, ¶ 7, citing *In re S.D.*, 9th Dist. Lorain Nos. 15CA010864 and 15CA010867, 2016-Ohio-1493, ¶ 25; *see also* Juv.R. 40(D)(3)(b)(iv). As Mother has failed to allege plain error, this Court will not construct an argument on her behalf. *See In re N.C.*, 9th Dist. Summit Nos. 27116 and 27118, 2015-Ohio-1627, ¶ 62, citing Juv.R. 40(D)(3)(b)(iv), App.R. 12(A)(2), and App.R. 16(A)(7). Mother's second assignment of error is overruled.

III.

**{¶15}** Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURRING.

{¶16} I concur with the majority's opinion that the juvenile court's judgment awarding legal custody of J.G. to Grandparents is not against the manifest weight of the evidence. I write separately to express my opinion that the record supports the conclusion that CSB used reasonable efforts to prevent the continued removal of the child from Mother's home.

APPEARANCES:

ANTHONY J. COSTELLO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

NEIL P. AGARWAL, Guardian ad Litem.

J.G., Appellee.

G.G. and T.G., Appellees.