[Cite as *Davis v. Davis*, 2011-Ohio-2322.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

SUSAN I. DAVIS

    Appellant/Cross-Appellee

    v.

RICHARD A. DAVIS

    Appellee/Cross-Appellant

C.A. No.     10CA0018

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     06-DR-0467

DECISION AND JOURNAL ENTRY

Dated: May 16, 2011

MOORE, Judge.

**{¶1}** Appellant/Cross-Appellee, Susan Davis, and Appellee/Cross-Appellant, Richard Davis, appeal from the judgment of the Wayne County Common Pleas Court, Domestic Relations Division. This Court affirms.

I.

**{¶2}** In a prior appeal, *Davis v. Davis*, 9th Dist. No. 08CA0022, 2009-Ohio-3164, this Court set forth the underlying factual and procedural history as follows:

"The Davises married in 1982 and have four adult children. At the time of their divorce, Mr. Davis lived in Virginia and Mrs. Davis lived in Ohio. They owned several homes and antique cars. Mr. Davis worked as a surgeon at a hospital until he was fired in 2007 for doing procedures for which he did not have hospital privileges. Mrs. Davis worked as a nurse before the Davises married, but stopped working to raise their children and has not worked since that time.

"In 2006, Mrs. Davis filed for divorce. The matter was referred to a magistrate, who ordered Mr. Davis to pay Mrs. Davis $12,000 per month in temporary spousal support. The magistrate later reduced the amount to $10,000. After Mr. Davis lost his job, he moved to terminate spousal support, but the magistrate denied his request.

"On September 24, 2007, the magistrate held a final hearing regarding the divorce. On November 5, 2007, the magistrate entered his report and proposed decision, and the trial court entered a decree of divorce. The Davises both filed objections to the magistrate's proposed decision. Mr. Davis argued that neither party presented sufficient evidence for granting a divorce, that the magistrate incorrectly determined the amount and duration of spousal support, and that the magistrate incorrectly determined the division of marital property. Mrs. Davis argued her bank accounts were not marital assets, that she should have received some sort of security in case Mr. Davis failed to pay spousal support, and that she should not have been found in contempt for allowing one of their children to use a joint credit card.

"On April 3, 2008, the trial court entered a Judgment Entry in which it said it was 'ruling on the objections of the parties.' It sustained Mrs. Davis's objections regarding the bank accounts and contempt finding, but overruled her objection regarding spousal support. It overruled Mr. Davis's objections regarding whether there were grounds for a divorce and whether spousal support should be terminated, but sustained his objection regarding the amount of support. It reduced Mr. Davis's obligation to $1500 per month from the date of its decision. The trial court did not, however, address Mr. Davis's objection regarding the division of marital property. On April 17, 2008, the trial court entered a judgment entry decree of divorce." Id. at ¶2-5.

{¶3} The above appeal was dismissed and remanded to the trial court for a final, appealable order. On January 20, 2010, the trial court issued a decision regarding the objections filed by Husband as well as a decree of divorce. Husband and Wife each appealed and on April 12, 2008, this Court consolidated the appeals and vacated the January 20, 2010 divorce decree as void because it had been entered while an appeal was pending before this Court. All outstanding motions were denied as moot. On April 28, 2010, the trial court issued a final divorce decree.

{¶4} Wife timely filed this notice of appeal and presents three assignments of error for our review. Husband cross-appealed and presents one assignment of error for our review.

II.

**WIFE'S ASSIGNMENT OF ERROR I**

"THE TRIAL COURT ERRED IN ITS FINDING THAT [HUSBAND] IS CURRENT IN HIS SPOUSAL SUPPORT OBLIGATION AND THUS FINDING HIM NOT TO BE IN CONTEMPT OF THIS COURT-ORDERED

OBLIGATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BEFORE THE COURT."

{¶5} Wife contends that the trial court erred in finding that Husband is current in his spousal support obligation, and thus, not in contempt of court. Particularly, she argues that the court erred in determining that the spousal support payable by Husband was $1,500 per month rather than $10,000 per month. We do not agree.

{¶6} The trial court issued a temporary order for spousal support in the amount of $12,000 on September 27, 2006. The temporary spousal support order was modified and reduced to $10,000 per month on October 30, 2006. On August 21, 2007, Husband filed a motion requesting that the temporary spousal support order be terminated due to his unemployment situation. His motion was set for hearing in conjunction with the final divorce hearing scheduled to be held on September 24th and 25th. The Magistrate's Report and Proposed decision was filed on November 5, 2007, and recommended that Husband's motion to terminate the temporary support be denied. The court entered a decree of divorce on November 5, 2007, awarding spousal support in the amount of $10,000 per month. Husband filed objections to the decision on November 19, 2007. On January 22, 2008, husband requested that all further matters be heard by the assigned judge rather than the magistrate, and the request was granted.

{¶7} On April 3, 2008, the court filed a judgment entry finding that a modification of the spousal support would be reasonable, granting Husband's objection with regard to the spousal support, and reducing spousal support to $1,500 per month. Husband filed a motion for stay on April 14, 2008. On April 17, 2008, the court entered a decree of divorce in which the spousal support was reduced to $1,500 per month. A stay was ordered on May 9, 2008.

{¶8} Wife contends, without supporting case law, that the "stay order has blanket application to the entire order. The current orders revert back to the temporary orders which

were in place prior to the final judgment." However, this Court concludes that the judgment entry filed on April 3, 2008, was an interlocutory order that effectively modified and reduced the spousal support obligation to $1,500 per month. See *Huffer v. Huffer*, 10th Dist. No. 09AP-574, 2010-Ohio-1223, at ¶12 (finding that the judgment entry modifying the temporary orders was an interlocutory order and it subsequently merged into the final decree).

{¶9} "[A] temporary [spousal] support order[] is provisional in nature, subject to modification at any time," prior to final judgment. *Kelm v. Kelm* (1994), 93 Ohio App.3d 686, 689. A review of the extensive procedural history of this case reveals that this is the fourth time the parties have appeared before this Court. This Court dismissed each attempted appeal and it is clear that there was no final judgment until the trial court issued the April 28, 2010 decree of divorce. The trial court was free to modify the temporary spousal support orders at any time, and did so in its April 2, 2008 judgment entry. The stay order followed on May 9, 2008.

{¶10} The trial court did not err when it determined on August 12, 2009, that Husband had met his spousal support obligation of $1,500 per month, and thus found him to not be in contempt of court. Wife's first assignment of error is overruled.

### WIFE'S ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN ITS FINDING THAT [HUSBAND'S] INCOME IS LIKELY NOT ANY MORE THAN IT WAS AT THE TIME OF THE DIVORCE AND IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."

{¶11} Wife contends that the trial court erred in its finding that Husband's income is likely not more than it was at the time of the divorce.

{¶12} A review of the record indicates Wife filed motions with the court to order Husband to pay the $10,000 temporary spousal support, to impose prior jail sentences which had been suspended, or in the alternative, a modification of the spousal support obligations. The

matter was heard by the magistrate and on August 9, 2009, the magistrate issued its report and proposed decision. The trial court issued an order consistent with the magistrate's report and proposed decision on the same day. Wife filed objections on August 13, 2009. However, Wife failed to object to certain parts of the magistrate's decision which she now attempts to raise in her second assignment of error.

{¶13} Under Civ.R. 53(D)(3)(b)(iv)

"[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

Civ. R. 53(D)(3)(b)(ii) requires that objections to the magistrate's decision "be specific and state with particularity all grounds for objection." Here, Wife's objections did not address the finding of fact by the magistrate that Husband's income was likely not more than it was at the time of the divorce. "[A] claim that the trial court erred in adopting a [magistrate's] finding of fact * * * is [forfeited] on appeal unless an objection to that finding is contained in that party's written objections to the [magistrate's] report." (Emphasis omitted.) *Harbeitner v. Harbeitner* (1994), 94 Ohio App.3d 485, 489, citing *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 63.

{¶14} We decline to address Wife's second assignment of error.

### WIFE'S ASSIGNMENT OF ERROR III

"IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY SUSAN A MODIFICATION OF THE SPOUSAL SUPPORT CURRENTLY PAID AND TO UPWARDLY MODIFY THAT MONTHLY AWARD BASED UPON THE NEWLY EMPLOYED STATUS OF [HUSBAND.]"

{¶15} Wife contends that the trial court erred in denying a modification of the spousal support based upon the new employment status of Husband. We do not agree.

{¶16} "A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, at paragraph two of the syllabus. The burden of establishing the need for modification of spousal support is on the party seeking modification. *Reveal v. Reveal*, 154 Ohio App.3d 758, 2003-Ohio-5335, at ¶14. A trial court's decision regarding spousal support will not be reversed on appeal absent an abuse of discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶17} The record in this case clearly details the difficulty the trial court had in determining Husband's income. After the modification reducing spousal support to $1,500 per month, Husband purchased a Vein Clinic which had enjoyed a net income of $200,000 the previous year. In addition, he took on hundreds of thousands of dollars in debt to finance operation of the clinic. The corporation purchased a residence for him in Lima, Ohio. He testified that he paid himself a salary on July 11th, July 21st, and July 31st in the amount of $3,000, $5,000, and $2,000 respectively. He testified that he had not received any salary other than those amounts. His testimony was uncontroverted.

{¶18} The medical billing collector testified that the clinic had billed $134,000 since retaining his services less than two months prior to the hearing. He estimated that he typically collects from insurance companies within 30-65 days. In addition, he estimated that the clinic would be able to collect 45-55% of the amount billed. As of the date of the hearing, Husband

had gone from being unemployed and receiving no income to purchasing a vein clinic and working through the startup of the practice.

{¶19} Wife sought modification of spousal support at a point in time when the practice was still being established. The party seeking modification bears the burden to establish the need for modification. *Reveal* at ¶14. Here, the magistrate determined that "the evidence on [Husband's] current income is somewhat cloudy but likely not any more than it was at the time of the divorce when the Court ordered that recommendation to $1,500 per month." In addition, "[t]he only substantial change shown by the evidence is that [Wife] was not employed at the time of the divorce but she now at least has a part-time job." Upon our review of the record, we conclude that the trial court did not abuse its discretion in finding that there was no substantial change in Husband's income.

{¶20} Wife's third assignment of error is overruled.

### HUSBAND'S ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN NOT MAKING THE SPOUSAL SUPPORT REDUCTION RETROACTIVE TO THE DATE OF THE FILING OF THE MOTION TO REDUCE."

{¶21} Husband contends that the trial court erred in not making the spousal support reduction retroactive to the date of the filing of the motion to reduce. We do not agree.

{¶22} This Court reviews a trial court's award of spousal support under an abuse of discretion standard. *Brubaker v. Brubaker*, 9th Dist. No. 22821, 2006-Ohio-1035, at ¶7, citing *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390; *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144. As stated above, under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶23} The trial court's judgment entry filed April 3, 2008, provides the court's reasoning for reducing the spousal support. The trial court explains that Husband earned $636,000 in 2005, and $542,000 in 2006. By July of 2007, he had received more than $200,000 from his employment. However, he had not met any of his spousal support obligations and was now unemployed.

> "This does not excuse, however, his failure to pay [Wife] any spousal support. While [Husband] claims he cannot afford to pay [Wife] any spousal support, [he] has continued to live 'high on the hog' * * * [and] has paid obligations for his live in girlfriend. [Husband] bought a $700,000.00 house in Virginia. He certainly could have paid his wife of 25 years something in spousal support."

{¶24} In support of his argument, Husband directs this Court to *Carson v. Carson* (July 12, 1989), 9th Dist. No. 14023. There, this Court adopted the holding in *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, which stated:

> "[P]arties are entitled to have the order of the trial court relate back to the date upon which the motion for a modification of child support was filed. Any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations."

However, this Court has also previously stated:

> "the ability to order retroactive modification and a mandate to make such an order are not the same thing. * * * While retroactive modification of spousal support is the better practice in most cases, the trial court's decision not to do so is discretionary, and this court is not inclined to designate this act as unreasonable, unconscionable, or arbitrary." *Bowen v. Bowen* (1999), 132 Ohio App.3d 616, 640.

{¶25} Thus, the trial court did not err in not making the spousal support modification retroactive. Husband's assignment of error is overruled.

## III.

{¶26} Wife's first, second, and third assignment of error are overruled. Husband's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas,

Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT, SAYING:

{¶27} I concur in the judgment with respect to Wife's first and third assignments of error. While I agree that the majority reached the right result in addressing Wife's first assignment of error, I would have more directly addressed her argument. With respect to Wife's

third assignment of error, as the judgment being appealed is the first final divorce decree, Wife's motion to modify spousal support is more accurately characterized as a motion for reconsideration of the trial court's interlocutory support order. Thus, I would conclude that *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, is not applicable to the instant matter. Nonetheless, I cannot say that that trial court abused its discretion in denying her motion.

APPEARANCES:

RENEE J. JACKWOOD, Attorney at Law, for Appellant/Cross-Appellee.

R. J. HELMUTH, Attorney at Law, for Appellee/Cross-Appellant.