**[Cite as *Yousef v. Iskander*, 2021-Ohio-3322.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| HANI YOUSEF | | C.A. No.     29703 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARIAN ISKANDER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.     DR-2018-03-0609 |

DECISION AND JOURNAL ENTRY

Dated: September 22, 2021

TEODOSIO, Judge.

{¶1} Hani Yousef appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse and remand in part.

I.

{¶2} This matter was initiated in March 2018, when Mr. Yousef filed a complaint for divorce against his spouse, Marian Iskander. After a final hearing was conducted, the trial court issued a decree of divorce, including a determination and division of marital property and an award of child support. Of particular relevance to this appeal is the trial court's determination that certain student loan debt accrued for the payment of Mr. Yousef's tuition and living expenses while attending medical school in New York constituted his separate debt, and not marital debt. Mr. Yousef appeals to this Court, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN DETERMINING HUSBAND'S STUDENT LOAN DEBT TO BE HIS SEPARATE PROPERTY[.]

{¶3} Mr. Yousef first argues the trial court erred in its determination that his student loan debt was his separate property.

{¶4} Because the determination of whether property is marital or separate is a fact-based determination, we review a trial court's decision under a manifest-weight-of-the-evidence standard. *Morris v. Morris*, 9th Dist. Summit No. 22778, 2006-Ohio-1560, ¶ 23. When reviewing the manifest weight of the evidence, the appellate court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way * * *." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001). "Only in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal, will the appellate court reverse." *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10.

{¶5} R.C. 3105.171(B) provides that, in a divorce proceeding, the trial court must make a determination of what is marital property and what is separate property and divide such property equitably. "Marital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage[.]" R.C. 3105.171(A)(3)(a)(i). "Marital property" does not include separate property. R.C. 3105.171(A)(3)(b). Separate property includes "[a]ny gift of any real or personal property or of an interest in real or personal property that is made after the date of the

marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a)(vii).

{¶6} Although the allocation of debt is not specifically addressed by the statute, the division of property also includes marital debt. *Mullen v. Mullen*, 9th Dist. Summit No. 28083, 2017-Ohio-77, ¶ 11, citing *Smith v. Smith*, 9th Dist. Summit No. 26013, 2012–Ohio–1716, ¶ 8. This Court adopts the definition used by our sister Courts stating that "marital debt" is "debt incurred during the marriage for the joint benefit of the parties or for a valid marital purpose." *Cross v. Cross*, 8th Dist. Cuyahoga No. 102627, 2015-Ohio-5255, ¶ 30 quoting *Ketchum v. Ketchum*, 7th Dist. Columbiana No. 2001CO60, 2003-Ohio-2559, ¶ 47, citing Turner, Equitable Division of Property, Section 6.29, 455 (2d Ed.1994, Supp.2002). "Debts incurred during the marriage are presumed to be marital unless it is proved they are separate." *Mullen* at ¶ 11, citing *Kehoe v. Kehoe*, 8th Dist. Cuyahoga No. 97357, 2012–Ohio–3357, ¶ 14, citing *Vergitz v. Vergitz*, 7th Dist. Jefferson No. 05 JE 52, 2007–Ohio–1395, ¶ 12.

{¶7} In the case sub judice, the trial court concluded that Ms. Iskander had proven that the entirety of Mr. Yousef's student loan debt was separate and therefore his sole responsibility. Although the trial court, in the decree of divorce, defined "marital debt" as "debt incurred during the marriage for the joint benefit of the parties or for a valid marital purpose[,]" it did not utilize this definition in its analysis to determine whether the student loan debt in question was marital or separate debt. For instance, despite the fact that the parties were still married at the time, the trial court deemed the 2015, 2016, and 2017 tuition amounts to be Mr. Yousef's separate debt without any analysis of joint benefit or valid marital purpose. The trial court then based its analysis of the remaining debt on *Polacheck v. Polacheck*, 9th Dist. Summit Nos. 26551 and

26552, 2013-Ohio-5788, which discussed the equitable division of student loan debt that had already been determined to be marital debt and not separate debt.

{¶8} In *Polacheck*, this Court stated: "[W]hen equitably dividing marital student-loan debt, the trial court must examine all of the relevant circumstances of the parties including the parties' relative economic circumstances and ability to pay the debt as well as any other factor the court finds to be relevant and equitable." *Id.* at ¶ 33. In the divorce decree at issue, the trial court utilized this standard in determining that it was "inequitable to shoulder the Defendant-mother with additional debt," and that Mr. Yousef was "in the best position to pay for his own student loan debt." Although this standard remains proper for the equitable division of marital student loan debt, it does not address the issues necessary for a determination of whether the debt, in the first instance, is marital or separate debt: namely, "the joint benefit of the parties" and "a valid marital purpose." *See Cross* at ¶ 30. Because the trial court did not analyze the characterization of the student loan debt within this framework, we remand the matter to the trial court for application of the correct legal standard in determining whether the debt is marital or separate.

{¶9} We note, however, that as the trial court observed, the 2018 loans were incurred after the complaint for divorce was filed. The trial court undertook the correct analysis in determining that these loans were not for the joint benefit of the parties and were Mr. Yousef's separate debt.

{¶10} As to the student loan debt prior to 2018, Mr. Yousef's first assignment of error is sustained.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FAILING TO GRANT HUSBAND SPOUSAL SUPPORT[.]

{¶11} In his second assignment of error, Mr. Yousef argues the trial court erred in failing to grant spousal support. "Prior to considering appropriate and reasonable spousal support, a trial court must determine what constitutes marital property or separate property and then divide the marital property equitably between the spouses." R.C. 3105.18(B); R.C. 3105.171. Because our resolution of the first assignment of error necessitates the trial court revisit its determination and division of marital property, consideration of the second assignment of error is rendered premature, and as such we decline to address it at this time.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN ITS CHILD SUPPORT AWARD[.]

{¶12} In his third assignment of error, Mr. Yousef argues the trial court erred in its award of child support.

{¶13} R.C. 3119.02 governs the calculation of child support, providing that the amount of child support obligation shall be calculated "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119 of the Revised Code." The court may order an amount of child support that deviates from this calculation if it "determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and therefore not be in the best interest of the child." R.C. 3119.22. R.C. 3119.23 sets forth the factors the trial court may consider in determining whether to grant a deviation. These factors include "[o]ther court-ordered payments" and "the relative financial resources * * * of each parent * * *." R.C. 3119.23(B) & (E).

{¶14} Our resolution of the first assignment of error necessitates the trial court revisit its determination and division of marital property, which in course may affect any potential spousal

support award. Because the trial court's determination of assets and payments has not been resolved, consideration of the third assignment of error is rendered premature, and as such we decline to address it at this time.

III.

{¶15} Mr. Yousef's first assignment of error is sustained as to the student loan debt prior to 2018. We decline to address the second and third assignments of error because they have been rendered premature. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed in part<br>and reversed and remanded in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶16} I respectfully dissent from the judgment of the majority. It is true that it is not completely clear whether the trial court determined the entire student loan debt to be marital debt or separate debt given its conflation of terms and its sometimes-confusing analysis in its 76-page journal entry. Ideally, the trial court will first unambiguously determine what constitutes marital and what constitutes separate property before dividing the property equitably between the spouses. *See* R.C. 3105.171(B). While the trial court did not meet those ideals, and the entry does not perfectly delineate the portions of the student loan debt that are marital and the portions that are separate, it is abundantly clear that the trial court concluded that Mr. Yousef should be solely responsible for all of the student loan debt. Because Mr. Yousef has not demonstrated that that determination constitutes prejudicial error, I would affirm the judgment of the trial court.

{¶17} Mr. Yousef maintains throughout his brief that the trial court did not consider that Ms. Iskander failed to support him while he was living out of state for school. However, the trial court did expressly consider this fact. As to the $129,689.69 portion of the debt that was attributable to living expenses, the trial court stated that it could be considered marital, and that

half of that amount could be considered to be attributable to Ms. Iskander. The trial court then noted that Mr. Yousef did not have financial assistance from Ms. Iskander with respect to that portion of the debt, that the debt was therefore marital and should be divided between the parties. The trial court then engaged in a lengthy analysis using this Court's precedent, *Polacheck v. Polacheck*, 9th Dist. Summit Nos. 26551, 26552, 2013-Ohio-5788, as a guide. In concluding that Mr. Yousef should be responsible for the debt, the trial court pointed out that Mr. Yousef would be in the best position to repay the student loan debt and that requiring Ms. Iskander to repay some or all of the debt would pose a financial hardship to her and necessitate her moving back to Egypt, which would not benefit Mr. Yousef or the children. *See Polacheck* at ¶ 31.

{¶18} As to the remaining portions of the student loan debt, while not articulated with perfect clarity, it appears that the trial court concluded that Ms. Iskander met her burden to demonstrate that the debt was separate. Mr. Yousef has not demonstrated the trial court committed prejudicial error with respect to that conclusion.

{¶19} With respect to Mr. Yousef's remaining assignments of error concerning child and spousal support, I would overrule them. Mr. Yousef has not demonstrated that the trial court abused its discretion in its determinations. Mr. Yousef only claims that he is entitled to a deviation in child support, not that the amount awarded is incorrect. As to spousal support, Mr. Yousef did not demonstrate that the denial of spousal support was unreasonable as he provided no evidence that he paid any loans during his residency, nor did he provide the trial court with documentation supporting his expenses.

APPEARANCES:

SUSAN J. LAX, Attorney at Law, for Appellant.

CORINNE HOOVER SIX, Attorney at Law, for Appellee.