[Cite as *Wilson v. Wilson*, 2023-Ohio-3521.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SUSAN WILSON

    Appellee

    v.

ROBERT WILSON

    Appellant

C.A. No.     30538

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2020 02 0471

DECISION AND JOURNAL ENTRY

Dated: September 29, 2023

---

HENSAL, Judge.

{¶1}     Robert Wilson appeals a judgment entry decree of divorce from the Summit County Court of Common Pleas, Domestic Relations Division, and the denial of his motion to release stock hold.  For the following reasons, this Court affirms.

I.

{¶2}     The Wilsons married in 2007 and have two children.  In 2020, Wife filed a complaint for divorce.  The parties agreed to a shared parenting plan and the court did not award any child support.  Both parties are employed.  Wife was a nurse for many years but now works as a paralegal.  Husband does repair work for an automaker.  In addition to his base salary, Husband also receives shares of the company's stock, which can more than double his annual income.  An investment company holds the shares.  Before trial, the court entered an order restraining Husband from disposing any of the shares.  The court found that they were a marital asset subject to division.  Regarding spousal support, the court found that Husband's gross income included both his base

salary and the value of the company stock he receives. It ordered Husband to pay Wife $1,320 a month in spousal support.

{¶3} Before the trial court issued its decree, Husband moved to release the hold on his stock, arguing that the value of the stock fluctuates and that he should be allowed to sell it at the highest rate possible. After the trial court entered the decree, it denied Husband's motion. Husband has appealed the judgment entry decree of divorce and the denial of his motion to release hold, assigning three errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS ORDERING ROBERT TO TRANSFER HALF OF THE UNVESTED RESTRICTED STOCKS FROM HIS E*TRADE ACCOUNT AND AT THE SAME TIME, REFUSE TO PERMIT ACCESS TO SAID ACCOUNT TO ROBERT TO EFFECTUATE SAID COURT ORDER.

{¶4} In his first assignment of error, Husband argues that the trial court incorrectly denied his motion to release his company stock. He notes that, under the terms of the decree, he is required to transfer some of the shares to Wife. If he is not able to access them, however, it will make fulfilling his obligations impossible and create a contempt situation.

{¶5} Following a motion for restraining order by Wife, the trial court entered an order that enjoined Husband from withdrawing, expending, pledging, or otherwise disposing of any of the funds or securities on deposit in his investment account. It also enjoined the investment company from paying to Husband any of the funds or stock in his account. The trial court wrote that it was issuing the order in accordance with Civil Rule 75(I)(2). That rule provides that, if a party is about to dispose of property to defeat another party from obtaining an equitable distribution of marital property, "the court may allow a temporary restraining order * * * to prevent that

action." *Id.* It also provides that the order "shall remain in force during the pendency of the action[.]" *Id.*

{¶6} Husband filed his motion to release stock hold before the court entered its decree. The judgment entry decree of divorce, however, concluded the "pendency of the action." *Rodgers v. Rodgers*, 9th Dist. Summit No. 15914, 1993 WL 208296, *3 (June 16, 1993). Following the entry of the decree, the temporary restraining order was no longer in effect. *Id.* Accordingly, Husband's motion was moot. We, therefore, conclude that the trial court did not err when it denied Husband's motion to release stock hold. Husband's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS GRANT OF SPOUSAL SUPPORT TO SUSAN FROM ROBERT AND IN ITS DETERMINATION OF THE AMOUNT OF SAME.

{¶7} In his second assignment of error, Husband argues that the trial court should not have awarded spousal support to Wife. "This Court reviews a trial court's award of spousal support under an abuse of discretion standard." *Doubler v. Doubler*, 9th Dist. Medina No. 22CA0002-M, 2023-Ohio-393, ¶ 14, quoting *Krone v. Krone*, 9th Dist. Summit No. 25450, 2011-Ohio-3196, ¶ 8. "An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." *Nguyen v. Coy*, 9th Dist. Summit No. 28308, 2017-Ohio-4164, ¶ 4, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Revised Code Section 3105.18(B) provides that, upon the request of either party, the court may award reasonable spousal support to either party. In determining whether spousal support is appropriate and reasonable, the court must consider the factors listed in Section

3105.18(C)(1)(a–n). R.C. 3105.18(C)(1). The factors include "[t]he income of the parties, from all sources" and "[t]he relative earning abilities of the parties[.]" R.C. 3105.18(C)(1)(a), (b).

{¶9} Husband argues that the trial court improperly treated the company stock he receives both as income and divided it as marital property. According to Husband, if the company stock is not included in his income, the parties have comparable incomes. He requests that this Court remand the matter to the trial court for it to recalculate the amount of spousal support that he should pay, if any, using the correct income figures.

{¶10} The trial court did not err when it treated Husband's stock payments as income. There is no indication that the stock does not vest upon receipt and that Husband may immediately sell the shares. *See Geschke v. Geschke*, 9th Dist. Medina Nos. 3266-M, 3268-M, 2002-Ohio-5426, ¶ 12-13 (concluding that stock bonuses that were listed as income in party's tax documents and could be liquidated at any time were properly included in party's gross income). This case also does not involve double-dipping. As Husband writes in his brief, "[d]ouble-dipping occurs when income producing assets are divided between the parties as marital property and the income subsequently derived from that property by payee is counted as income for support purposes." *See Gallo v. Gallo*, 10th Dist. Franklin No. 14AP-179, 2015-Ohio-982, ¶ 15. Husband does not allege, let alone identify anything in the record that establishes, that his shares of company stock are or were considered to be income-producing. The treatment of the company stock is no different than if Husband was paid bonuses in cash and he used them to buy stock or placed the funds in a savings account. He received something of value from his employer during the marriage and retained it as an asset. The bonuses, therefore, both qualified as income in the years Husband received them and, because he retained them, became a marital asset subject to equitable division. We note that

the decree only divides the stock earned during the marriage and does not require Husband to transfer any future stock bonuses to Wife.

{¶11} Husband also argues that the trial court exercised its discretion improperly when it determined the amount of the spousal support award. He contends that the court did not include his company stock in its calculation of child support and determined that he did not owe any child support. According to Husband, the court correctly omitted the shares from its child support calculation, and he argues that it should have treated the company stock consistently throughout the decree.

{¶12} Contrary to Husband's assertion, the trial court included the company stock in Husband's income for child support purpose and explained that child support had been calculated using said income. It determined that Husband should owe $1276.51 per month in child support but deviated from that amount because of Husband's number of overnight visits, the equal parenting time schedule, and Husband's spousal support obligation. We, therefore, conclude that Husband is mistaken that the court treated the stock bonuses differently for spousal support and child support purposes. Upon review of the record, we conclude that Husband has not established that the trial court exercised its discretion improperly when it awarded spousal support to Wife. Husband's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DETERMINATION AND DIVISION OF MARITAL PROPERTY, MORE SPECIFICALLY ROBERT'S E*TRADE ACCOUNT.

{¶13} In his third assignment of error, Husband argues that the trial court incorrectly divided the parties' marital assets, repeating his argument about double-dipping. He argues that the court found that the company stock was a marital asset subject to division and found that it

should be included as part of his income for both child and spousal support purposes, but ended up excluding the value of the shares in its final child support computation while retaining the shares in its spousal support calculation. According to Husband, it was improper for the court to divide an asset after including it in its support computations.

{¶14} Section 3105.171(B) provides that, "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property." This is a fact-based determination within the province of the trial court that this Court reviews under a manifest weight standard. *See Suppan v. Suppan*, 9th Dist. Wayne No. 17AP0015, 2018-Ohio-2569, ¶ 23, citing *Morris v. Morris*, 9th Dist. Summit No. 22778, 2006-Ohio-1560, ¶ 23. This Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way * * *." (Alteration in original.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶15} Section 3105.171(B) also provides that the trial court shall divide marital property equitably between the parties. "A trial court enjoys broad discretion in fashioning an equitable division of marital property." *Stepp v. Stepp*, 9th Dist. Medina No. 03CA0052-M, 2004-Ohio-1617, ¶ 10. "We review a property division in a divorce proceeding to determine whether the trial court abused its discretion." *Id*.

{¶16} Under Section 3105.171(A)(3)(a)(i), "[m]arital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses * * * that was acquired by either or both of the spouses during the marriage[.]" There is no dispute that Husband had an investment account that contained shares of his employer's stock that he had received in bonus compensation during the marriage. The trial court, therefore, was required to include those shares

in its equitable division of marital property. R.C. 3105.171(B). The court, likewise, examined the wages and bonus compensation Husband had received in recent years to determine his income for child and spousal support purposes. R.C. 3105.18(C); R.C. 3119.01(C)(9), (12).

{¶17} Upon review of the record, we conclude that Husband has not established that the court incorrectly included his company stock in its division of marital assets or improperly exercised its discretion when it divided such property. The court divided the shares that had already been acquired by Husband during the marriage and properly included them in its estimate of what Husband's income would be going forward for support purposes. Husband's third assignment of error is overruled.

## III.

{¶18} Husband's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

THOMAS LOEPP, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.